[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-10149

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANDREY ARTEAGA-VELASQUEZ,
a.k.a. Oscar Hernandez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cr-00177-RAL-CPT-1

_____

Before ROSENBAUM, ABUDU, and MARCUS, Circuit Judges.

PER CURIAM:

Andrey Arteaga-Velasquez appeals his total sentence of 18 months' imprisonment for illegal reentry by a deported alien who had previously been convicted of a felony. He argues that his sentence is substantively unreasonable because it was driven by a juvenile offense and the court did not adequately consider his history of abuse. After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008) (citation modified). In reviewing the "'substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard,'" we consider the "'totality of the circumstances.'" *Id.* at 1190 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a).[1]

_____

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing

The court must consider all of the § 3553(a) factors, but "the weight given to each factor is committed to the sound discretion of the district court," and the court may attach great weight to one factor over the others -- a decision that is within its sound discretion. *United States v. Butler*, 39 F.4th 1349, 1354–55 (11th Cir. 2022); *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). The district court is not required to discuss each of the § 3553(a) factors, and an acknowledgment that it has considered the § 3553(a) factors will suffice. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). Additionally, the court's "failure to discuss mitigating evidence does not indicate that the court erroneously ignored or failed to consider the evidence." *Butler*, 39 F.4th at 1356 (citation modified).

However, a sentence may be substantively unreasonable when a court unjustifiably relies on any single § 3553(a) factor, fails to consider pertinent § 3553(a) factors, bases the sentence on impermissible factors, or selects the sentence arbitrarily. *Pugh*, 515 F.3d at 1191–92. A sentence that suffers from one of these symptoms is not *per se* unreasonable; rather, we must examine the totality of the circumstances to determine the sentence's reasonableness. *Id*. at 1192. "We will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of *all* the circumstances presented." *United States v. Snipes*, 611 F.3d

Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

855, 872 (11th Cir. 2010) (citation modified).  We will vacate a sentence only if we are left with the "definite and firm" conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that is outside the range of reasonable sentences dictated by the facts of the case. *Pugh*, 515 F.3d at 1191.

The party challenging the sentence bears the burden of demonstrating that the sentence is unreasonable in light of the record, the factors listed in 18 U.S.C. § 3553(a), and the substantial deference afforded sentencing courts. *Rosales-Bruno*, 789 F.3d at 1256. A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence. *See United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014).

Here, the district court did not abuse its discretion when it varied downward to sentence Arteaga-Velasquez to 18 months' imprisonment.  In imposing the below-guidelines sentence, the court explained that Arteaga-Velasquez had a difficult life, suffered from PTSD, anxiety, and depression and spent most of his life in prison. The court particularly noted that Arteaga-Velasquez's prior conviction for trafficking cocaine -- his first offense -- had resulted in what it described as a "severe" sentence of 16 years' imprisonment.  In so doing, the court discussed Arteaga-Velasquez's history and characteristics and expressly acknowledged that it had considered the § 3553(a) factors.  As for Arteaga-Velasquez's argument that the court did not give his mitigating circumstances sufficient weight, nothing in the record suggests that it failed to do so.  To the

contrary, the court expressly discussed these circumstances and then varied downward. Indeed, Arteaga-Velasquez's 18-month sentence is below the 21- to 27-month guideline range and well below the 20-year statutory maximum. *See Stanley*, 739 F.3d 656. Accordingly, Arteaga-Velasquez has not shown that his sentence is substantively unreasonable and we affirm.

   **AFFIRMED.**